No. 11,822.

FLEMING v. MILLER, Conservatrix.

Decided May 14, 1928.   Rehearing denied June 11, 1928.

Mr. JOHN S. STIDGER, for plaintiff in error.

Mr. ALBERT S. FROST, Mr. M. W. SPAULDING, for defendant in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff, J. Kathryn Miller, conservatrix of the estate of Stewart Miller, insane, recovered a judgment against the defendant Fleming in the sum of $6,395.50, upon the jury's verdict in that sum.   The defendant Fleming is here with his writ of error for a review

thereof. The action was begun by Stewart Miller, but before the trial he was declared insane and J. Kathryn Miller, his conservatrix, was substituted as the plaintiff in the action. The complaint sets out three causes of action. The first is to recover damages which Stewart Miller suffered as the result of the sale which Fleming made to him of preferred stock of the O. E. Ish Service Company, of which the plaintiff was a director and stock-holder, such sale having been made fraudulently, and the stock was known to be worthless by Fleming at the time of the sale; the second is based on alleged breach by Fleming of his contract to repurchase the stock within a certain time at the plaintiff's option; the third is upon the defendant's breached contract to make the plaintiff the treasurer of the company that issued the stock. The court denied the defendant's motion to compel the plaintiff to elect upon which cause of action she would proceed, and also defendant's special demurrer upon the ground of misjoinder of causes of action. Whether this was error is not now a question in the case, since the court withdrew from the jury the second and third causes of action and submitted only the first cause of action, which was to recover damages caused by the alleged fraudulent sale.

The printed abstract of record is confusing, defective and imperfect. The printed supplemental abstract filed by the defendant in error furnishes some enlightenment of what took place at the trial, but even with the aid of the latter and as a result of an independent examination of the transcript, doubt and uncertainty linger as to what plaintiff in error really complains of as prejudicial error. A wholly unnecessary burden has thus been imposed upon this court which rests upon a plaintiff in error on review. We would be justified in affirming the judgment for the failure of plaintiff in error to comply with the rules of this court applicable to reviews of judgments of inferior courts. Our rule 32 requires that a plaintiff in error shall assign errors in writing at the time of filing

the record and each error shall be separately alleged and particularly specified. Several of the assignments of error fail to conform to this requirement. To ascertain the real objection of plaintiff in error requires an independent investigation by us of the transcript of the record, which we are not obliged to make. Notwithstanding this noncompliance with our rules, our investigation satisfies us there is no substantial merit in any of the objections urged here by the plaintiff in error. Among other things he complains of rulings of the trial court upon testimony whose admission or rejection rests largely in the discretion of the trial court.

We have read the testimony as abstracted and are convinced that the defendant perpetrated a gross fraud upon Stewart Miller. Fleming and Miller had been intimate friends for nearly forty years. The defendant was an active business man and the record discloses that he was a man of intelligence, if not of integrity. Miller had perfect confidence in Fleming and implicitly trusted him and believed the representations he made. That Fleming grossly and palpably misrepresented the affairs of the corporation, whose stock he was selling, and that the stock at the time of the sale was worthless to the knowledge of the defendant, is beyond question, and the jury properly so found upon appropriate instructions of the trial court.

It seems from the record that there was a former trial, upon this same cause of action, by Mr. Miller against Fleming and the O. E. Ish Service Company, in another division of the Denver district court. What the result of that trial was is not disclosed. At the time of the second trial Miller was insane and his testimony, taken at the former trial, was introduced upon this trial, defendant not objecting thereto. The only question that we deem it necessary to consider arises out of, or is connected with, Miller's testimony on the former trial. Section 6556, C. L. 1921, among other things, provides that no party to any civil action, suit or proceeding, shall be

allowed to testify therein, of his own motion, or on his own behalf, when any adverse party sues or defends as the trustee or conservator of an idiot, lunatic or distracted person, unless when called as a witness by such adverse party. The fifth subdivision of this section provides that when in any such action the deposition of "the deceased person" shall be read in evidence at the trial, any adverse party or parties in interest may testify as to all matters and things testified to in such deposition "by such deceased person" and not excluded for irrelevancy or incompetency. It will be observed that this fifth subdivision is limited to deceased persons and does not expressly include lunatics or distracted persons. Defendant, however, contends that inasmuch as a transcript of the testimony of Stewart Miller at the former trial was introduced at the second trial, the bars were lifted entirely and the defendant became a competent witness in his own behalf and that his testimony was not restricted merely to matters and things testified to by Miller at the former trial. The plaintiff says that the defendant might not testify at all of his own motion because Miller was not a deceased, but an insane, person. Interesting and important as this question might be, in a proper case, and under a different state of facts, the defendant here may not complain because the trial court below, contrary to the contention of the plaintiff, permitted the defendant to testify as to all matters and things which had been testified to by Miller at the former trial. If the court erred in this particular, the defendant may not be heard in his attack on the ruling of the court, for it was in his favor and gave him all that the section in question entitled him to.

In view of our conclusion that the judgment was not only right upon the evidence, and that in none of the assignments upon which the defendant is entitled to be heard was there reversible error, we do not discuss or pass upon the cross-assignments of the defendant in error which are directed to the ruling by a judge of an-

other department of the district court, setting aside a default taken against the defendant for his failure to heed the personal service of summons upon him within the time thereby limited. It follows from what we have said that the judgment below must be, and it is, affirmed.

Mr. Chief Justice Denison, Mr. Justice Adams and Mr. Justice Butler concur.